# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )     Case No. CR-17-0291-003-F |
| | ) |
| GABRIEL MARTINEZ-SOTELO, | ) |
| a/k/a Primo, | ) |
| | ) |
| Defendant. | ) |

## ORDER

    Defendant Gabriel Martinez-Sotelo, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines.[1] Doc. no. 448. Plaintiff United States of America has responded in opposition to the motion. Doc. no. 455. The matter is at issue.

    Pursuant to a plea agreement, defendant pleaded guilty to a one-count superseding information charging a conspiracy to possess with intent to distribute and to distribute cocaine HCl, a Schedule II controlled substance, in violation of 21 U.S.C. § 846. The Probation Office prepared a final presentence investigation report (doc. no. 335), which calculated defendant's base offense level at 32. Defendant received a three-level enhancement under U.S.S.G.[2] § 3B1.1(b) (aggravating role), because he was a manager or supervisor in a criminal activity that involved five or

---

[1] Because defendant is proceeding *pro se*, the court construes his motion liberally, but it does not act as his advocate. <u>Yang v. Archuleta</u>, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

more participants or was otherwise extensive, resulting in an adjusted offense level of 35.  Defendant received a three-level adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility, resulting in a total offense level of 32.

Because of his lack of a criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I.  With a total offense level of 32 and a criminal history category of I, defendant's guideline imprisonment range was 121 months to 151 months.

At sentencing, the court adopted the presentence investigation report without change.  The court then varied downward and sentenced defendant to a term of imprisonment of 110 months.  Judgment was entered on March 27, 2019.  Defendant did not file a direct appeal.

In his motion, defendant asserts that his sentence should be reduced based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023, because he received zero criminal history points.

Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Congress has provided a few exceptions to this rule.  One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission.  *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion.  *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013).  The court first determines whether defendant is eligible for a sentence reduction and the

extent of the authorized reduction.  If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 451), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).

To be eligible for the two-level adjustment as a zero-point offender, defendant must meet ten criteria.  *See*, U.S.S.G. § 4C1.1(a).  One of those criteria is that "defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. [§] 848[.]" U.S.S.G. § 4C1.1(a)(10); *see also*, United States v. Read-Forbes, Criminal Action No. 12-20099-01-KHV, 2024 WL 382638, at *1 (D. Kan. Feb. 1, 2024) (Section 4C1.1(a)(10) "properly read to exclude any defendant who *either* had an aggravating role enhancement or engaged in [a] continuing criminal enterprise") (citing United States v. Castaneda Mendez, Case No. 20-CR-20155-RAR, 2024 WL 216277, at *3 (S.D. Fla. Jan. 18, 2024)) (emphasis in original).

As previously stated, defendant received an aggravating role enhancement under U.S.S.G. § 3B1.1(b) for being a manager or supervisor in a criminal activity that involved five or more participants or was otherwise extensive.  Consequently, defendant does not meet all ten criteria and is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).  The court thus concludes that defendant's § 3582(c)(2) motion should be dismissed.

3

Accordingly, defendant Gabriel Martinez-Soleto's motion for reduction in sentence under 18 U.S.C. § 3582(c)(2) (doc. no. 448) is **DISMISSED**.

IT IS SO ORDERED this 5th day of March, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0291p0095 (Martinez-Sotelo).docx